PARRO, J.
| ¡¿Plaintiff, Rivers McLain, and defendant, Chad Térro, appeal the judgment of the trial court dismissing the plaintiffs claim against Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau).[1] For the reasons that follow, we dismiss the appeal as moot.
FACTUAL AND PROCEDURAL HISTORY
On December 24, 2002, Mr. McLain was injured when the vehicle he was driving was struck by a vehicle driven by Mr. Térro. At the time of the accident, Mr. Térro owned a 2001 Chevrolet Cavalier, which was operable and insured by Farm Bureau; however, the accident occurred while Mr. Térro was driving a 2002 Jeep Wrangler (Jeep) owned by his roommate, Byron Patureau,[2] and insured by Horace Mann Insurance Company (Horace Mann).
Mr. McLain filed this suit against Mr. Térro, Mr. Patureau, and Horace Mann, seeking damages for the injuries he sustained in the accident. Mr. McLain subsequently amended his petition to name Farm Bureau as a defendant in its capaci *417 ty as Mr. Terro’s insurer.[3] Farm Bureau filed a motion for summary judgment, contending that coverage was not afforded to Mr. McLain in accordance with the terms and conditions of the policy. Shortly thereafter, Farm Bureau filed a motion for involuntary dismissal pursuant to LSA-C.C.P. art. 1672(C), contending that the plaintiff had failed to request service on Farm Bureau within ninety days of the filing of the amended petition as required by LSA-C.C.P. art. 1201(C).[4] On February 8, 2006, the trial court signed a Isjudgment granting the motion for summary judgment, dismissing Mr. McLain’s claims against Farm Bureau, with prejudice. The judgment further granted Farm Bureau’s motion for involuntary dismissal. Mr. McLain and Mr. Térro have appealed.
DISCUSSION
On appeal, Mr. McLain and Mr. Térro have set forth various assignments of error challenging the trial court’s decision to grant the motion for summary judgment. However, neither appellant has assigned any error or briefed any issue challenging that part of the February 8, 2006 judgment granting Farm Bureau’s motion for involuntary dismissal. Aceord-ingly, for purposes of appellate review, appellants have abandoned any challenge they may have had to the involuntary dismissal of the plaintiffs claim against Farm Bureau, and the judgment of dismissal is now final. See LSA-C.C.P. art. 2129 and Rule 2-12.4, Uniform 'Rules of Courts of Appeal.
Because the judgment of involuntary dismissal is final, there are no longer any viable claims against Farm Bureau in these proceedings. Thus, the issue of whether the trial court properly granted Farm Bureau’s motion for summary judgment is moot and is not properly before this court at this time. Courts may not decide cases that are moot, or where no justiciable controversy exists. An issue is moot when it has been deprived of practical significance and has been made abstract or purely academic. Suite v. Lafayette City-Parish Consolidated Government, 04-1459, 04-1460, 04-1466 (La.4/12/05), 907 So.2d 37, 55. In light of these principles, it is clear that any opinion this court were to issue concerning the motion for summary judgment would afford no practical relief to the appellants at this time and would amount to an improper advisory opinion. Accordingly, this ap *418 peal is dismissed as moot. All costs of this appeal are assessed to Rivers McLain and Chad Térro.
APPEAL DISMISSED.
McCLENDON, J., dissents.

. In its answer and exceptions. Farm Bureau contends that its proper designation is “Louisiana Farm Bureau Mutual Insurance Company.” However, the judgment refers to Louisiana Farm Bureau Casualty Insurance Company.

. The petition apparently improperly named this defendant as Biyon Patureau.

. In his first amended petition, Mr. McLain named State Farm Insurance Company as a defendant in its capacity as Mr. Terro’s insurer. However, Mr. McLain later amended his petition to name Farm Bureau as a defendant in that capacity. State Farm was not named as a defendant in the second amended petition.

. At the time this suit was filed, LSA-C.C.P. art. 1201(C) provided:
Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver.
Furthermore, LSA-C.C.P. art. 1672(C) provided:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court’s own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
Subsequent to the judgment in this case, LSA-C.C.P. arts. 1201(C) and 1672(C) were amended by 2006 La. Acts, No. 750, § 1, effective August 15, 2006.