KEVIN PETERSON
v.
RAY HANSON AND STATE OF LOUISIANA THROUGH THE DEPARTMENT OF SAFETY AND CORRECTIONS.
No. 2007 CA 0188.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
KEVIN PETERSON, Plaintiff-appellant In Proper Person.
SUSAN WALL GRIFFIN, Attorney for Defendant-Appellant Louisiana Department of Public Safety and Corrections.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
In this case, petitioner, an inmate in the custody of the Department of Public Safety and Corrections ("DPSC"), sought relief for what he alleged was an 8th amendment violation by DPSC for its refusal to allow him outside or out of cell exercise while housed in disciplinary lockdown. According to the record, petitioner filed a request with DPSC for administrative review (No. DWCC-2005-1428), which request was denied in both the First and Second Step Response Forms. Thereafter, petitioner sought judicial review. Commissioner Rachel P. Morgan issued a recommendation on November 16, 2006, noting as follows:
[DPSC's] decision to deny out of cell exercise to this Petitioner, based on the record, is arbitrary and in violation of the Petitioner's Eighth Amendment right to be free from cruel and unusual punishment. This finding is based on [DPSC's] failure to show that Mr. Peterson's right to adequate out of cell exercise cannot be safely accommodated or that other sanctions for disciplinary violations would not adequately punish the Petitioner for rule infractions. I recommend that the decision be reversed and that [DPSC] be ordered to provide this Petitioner with a minimum of 50 minutes of outdoor or at least out of cell exercise 5 days a week in accordance with the reasoning stated hereinabove. This suit should then be dismissed at the Defendant's costs.
Following a de novo review of the record herein, including the traversals filed by petitioner and DPSC and the Commissioner's Report, the trial court issued a judgment on December 18, 2006, adopting the reasons given by the Commissioner as its own. The trial court reversed the decision of DPSC and ordered DPSC to provide petitioner with a minimum of 50 minutes of outdoor or at least out of cell exercise 5 days a week. This appeal by DPSC followed, wherein it assigned eight specifications of error to the trial court's judgment. As discussed more fully below, we pretermit consideration of all issues raised by DPSC and dismiss this appeal as moot.
It is well settled that the function of the appellate courts is to render judgments that can be made effective and not to give opinion on moot questions or abstract propositions. Orange Grove Properties, L.L.C. v. Allured, XXXX-XXXX, p. 5 (La. App. 1 Cir. 6/25/04), 885 So.2d 1170, 1173. Courts may not decide cases that are moot, or where no justiciable controversy exists. An issue is moot when it has been deprived of practical significance and has been made abstract or purely academic. Suire v. Lafayette City-Parish Consol. Government, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX, p. 24 (La. 4/12/05), 907 So.2d 37, 55; McLain v. Mann, XXXX-XXXX, p.3 (La. App. 1 Cir. 5/4/07), 961 So.2d 415, 417.
We have made a careful review of this entire record and are convinced that the issues raised by DPSC on appeal have become moot. When the instant matter was initiated by petitioner, he was an inmate in the custody of DPSC. However, as acknowledged by DPSC in brief to this court, petitioner was released from its physical custody on December 28, 2006, and from all DPSC supervision on February 4, 2007. There remains no justiciable issue. Moreover, in light of the above principles, it is clear that any opinion this court were to render concerning these issues would afford no practical relief to DPSC at this time and would amount to an improper advisory opinion. We cannot issue a meaningful decision. Accordingly, based on the facts and circumstances of this case, this appeal is no longer viable and must be dismissed as moot.
For the above and foregoing reasons, the appeal is dismissed as moot. Appeal costs in the amount of $1,920.00 are assessed against DPSC. We issue this opinion in accordance with Uniform RulesCourts of Appeal, Rule 2-16.2A(2), (3), and (4). APPEAL DISMISSED.